# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARK JOHNSON, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 12-5272 |
|  | : |  |
| TRANS UNION LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            **MARCH 22, 2013**

Presently before the Court is the Defendant, Trans Union LLC's, Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, and the response in opposition filed by Plaintiff, Mark Johnson, which is entitled "Motion to Quash Dismissal and Further Proceed with Case 12-CV-572." For the reasons set forth below, we grant Defendant's Motion.

Plaintiff filed his pro se Amended Complaint on January 28, 2013.[1] (Doc. No. 8.) In the Amended Complaint, Plaintiff alleges that Defendant[2] is intentionally lowering his FICO score.[3] (Am. Compl. at 1.) Plaintiff bases this claim upon his assertion that one of Defendant's case managers told him that he is "a white [sic] handicapped cracker and Asians are running

---

[1] The Court must construe a pro se complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff was granted in forma pauperis status on September 17, 2012. (Doc. No. 2.)

[2] "Trans Union [is] one of the three major companies providing credit reports in the United States." Cortez v. Trans Union, LLC, 617 F.3d 688, 697 (3d Cir. 2010).

[3] "FICO refers to the Fair Isaac Corporation, which is the industry standard credit scoring system." Freedom Card, Inc. v. JP Morgan Chase & Co., 432 F.3d 463, 467 n.6 (3d Cir. 2005). "FICO scores are based on a consumer's credit history." Id. "The higher the FICO score, the more likely a consumer is to fulfill his credit obligations." Id. (citation omitted).

[Defendant's] score."  (Id.)  Based upon this alleged statement, Plaintiff's Amended Complaint is premised upon his allegations that Defendant intentionally lowered his FICO score because he is Caucasian and supposedly suffers from Type II diabetes and alcoholism.  (Id.)  Plaintiff explains that he is a "non-practicing alcoholic" who has refrained from alcohol for years, and his diabetes is controlled with medication.  (Id. at 1, 16.)  The Amended Complaint consists of accusations of racial socialism and intentional disability discrimination by Defendant and a recitation of statutes and case law regarding Plaintiff's four counts: Count I - the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; Count II - the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 45; Count III - the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, et seq.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.  (Id. at 8-19.)

Defendant moves to dismiss Plaintiff's Amended Complaint arguing that it fails to comply with the requirements of Federal Rule of Civil Procedure 8.  See Fed. R. Civ. P. 8. Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  According to Rule 8(d),  "(e)ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

Plaintiff's Amended Complaint fails to comply with the requirements of Rule 8 because it does not show that he is entitled to relief.  The Amended Complaint contains blanket assertions of entitlement to relief with a recitation of statutes and case law, but fails to show how the statutes and case law give Plaintiff both standing and a claim upon which relief can be granted. Even under the liberal notice pleading requirements of Rule 8, and the liberal perspective in which pro se complaints are read, the Amended Complaint fails to meet even minimum requirements of a short and plain statement of a claim showing entitlement to relief because Plaintiff's whole case is based upon the fantastical allegation that one of Defendant's employees told him that Defendant is deliberately lowering his FICO score because he is "a white [sic] handicapped cracker and Asians are running [Defendant's] score."  (Am. Compl. at 1.); see also Allen-Mensah v. O'Malley, 215 F. App'x 86 (3d Cir. 2007) (affirming judgment dismissing complaint alleging defendants experimented on plaintiff stating that plaintiff's claims "involve fantastic factual scenarios . . . lack [ing] any arguable factual or legal basis").  Such an allegation surpasses all credulity.  See Caesar v. Megamillion Biggame Lottery, 193 F. App'x 119, 120-21 (3d Cir. 2006) (affirming judgment under 28 U.S.C. § 1915(e)(2)(B)(I) dismissing complaint alleging a sweeping conspiracy to steal winning lottery tickets concluding that factual contentions are "clearly baseless").  Viewing the totality of the Amended Complaint, we conclude that Plaintiff's allegations that Defendant is intentionally lowering his FICO score because of his alleged alcoholism and diabetes is delusional and incredible.  See Hines v. United States, 166 Fed. App'x 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) alleging government torture with poisonous gas).

3

As such, Rule 8 compels dismissal of the Amended Complaint.[4]  Eisenstein v. Ebsworth, 148 F. App'x 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Rule 8); Doumit v. Coldwell Banker Realtors, 135 F. App'x 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)).  Rule 8 dismissals are often entered without prejudice to allow the litigant the opportunity to amend and cure any defects.  However, in this case, Plaintiff will not be given the opportunity to amend since amendment would be futile because Plaintiff's Amended Complaint is completely lacking in arguable legal merit.

An appropriate Order follows.

---

[4]The Court does need to address Defendant's remaining arguments.  However, we would be inclined to dismiss the Amended Complaint on these other grounds:

(1.) FCRA Claim - Plaintiff alleges that Defendant is willfully noncompliant with the FCRA by intentionally lowering his FICO score due to disability-based discrimination.  See, e.g., 15 U.S.C. § 1681n (establishing civil liability for willful noncompliance with FCRA).  Defendant points out that "FICO scores are calculated using an algorithm developed by the Fair Isaac Corporation, not Trans Union."  (Def.'s Mem. Law Support Mot. to Dismiss at 6.)  Defendant further points out that "Plaintiff does not allege that his low FICO credit score is the result of an inaccurate item of information in his Trans Union credit report."  (Id.)

(2.) FTC Claim - Plaintiff attempts to bring a claim under Section 5 of the FTC, but "[p]rivate parties . . . are not permitted to enforce § 5 of the Federal Trade Commission Act.  Only the FTC may do so."  Vino 100, LLC v. Smoke on the Water, LLC, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012).

(3.) ADA and Rehabilitation Act Claims - Plaintiff alleges that Defendant discriminated against him based upon his alleged disabilities, thus violating the ADA and the Section 504 of the Rehabilitation Act.  See 42 U.S.C. § 12101, et seq.; 29 U.S.C. § 794.  Plaintiff fails to make a prima facie case showing that the ADA and the Rehabilitation Act apply to his claims and he suffered disability-based discrimination.

(4.) UTPCPL Claim - The basis for original jurisdiction here is Plaintiff's federal claims.  See 28 U.S.C. § 1331.  Plaintiff's federal claims do not survive dismissal, thereby eliminating original jurisdiction.  We would be inclined to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim under the UTPCPL.  See id. § 1367(c).