IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| MARK JOHNSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 12-5272 |
| | : | |
| TRANS UNION LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                 **MAY 21, 2013**

      Presently before the Court is the Defendant, Trans Union LLC's, Motion to Dismiss Plaintiff's Second Amended Complaint and Request for Sanctions. For the reasons set forth below, we strike Plaintiff's Second Amended Complaint and, alternatively, grant Defendant's Motion to Dismiss. We deny Defendant's Request for Sanctions.

**I.     PROCEDURAL BACKGROUND**

      On March 22, 2013, the Court dismissed Plaintiff's pro se Amended Complaint ("First Amended Complaint") for failure to comply with the requirements of Federal Rule of Civil Procedure 8 because it did not show that Plaintiff is entitled to relief.[1] See Johnson v. Trans Union, No. 12-5272, 2013 WL 1187063, at *2 (E.D. Pa. Mar. 22, 2013). The dismissal was without leave to amend "since amendment would be futile because Plaintiff's Amended

---

[1] The Court must construe a pro se complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff was granted in forma pauperis status on September 17, 2012. (Doc. No. 2.)

Complaint is completely lacking in arguable legal merit."[2]  Id.  Although the Court dismissed the Amended Complaint without leave to amend, Plaintiff filed a pro se second Amended Complaint ("Second Amended Complaint") on April 8, 2013.  (Doc. No. 17.)

The Second Amended Complaint is difficult to decipher and appears to be more of a response to a nonexistent motion to dismiss than a complaint.  (Id.)   Similar to the First Amended Complaint, Plaintiff's Second Amended Complaint consists of generalized accusations of racial socialism and intentional discrimination by Defendant, as well as a recitation of statutes and case law regarding Plaintiff's four counts.  (Id.)  Notably, Plaintiff's "Statement of Facts" section does not include a factual account of what occurred between himself and Defendant that forms the basis of his claims.  (Id. at 3.)  For instance, it states: "Violations creating personal injry [sic] are dure [sic] to improper reporting of plaintiff's credit score to the public and private sector causing him suppression thru [sic] fraud and fiar [sic] credit equality denying him credi [sic] upon his business and personal lifet [sic]."  (Id.)

In his Second Amended Complaint, Plaintiff states that "[n]o referral[s] are to be made of any previous original complaint."  (Second Am. Compl. at 3.)  However, the Second Amended Complaint improperly relies upon prior complaints filed by Plaintiff.  See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of the lawsuit."); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").  Since the

---

[2] The Court also noted in its Memorandum Opinion that Plaintiff's four counts would not survive dismissal for various other reasons related to standing, jurisdiction and the merits.  Johnson, 2013 WL 1187063, at *2 n.4.

Second Amended Complaint would supercede the First Amended Complaint, the Court examined the Second Amended Complaint on its own without reference to any other complaints. See id.

Plaintiff's Second Amended Complaint alleges the following causes of action: Count I - the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; Count II - the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 45; Count III - the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, et seq.; and federal criminal law, 18 U.S.C. § 1343 (Wire Fraud).

On April 25, 2013, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint and Request for Sanctions. As of today's date, Plaintiff has not filed a response. For the reasons below, we strike Plaintiff's Second Amended Complaint and, alternatively, grant Defendant's Motion to Dismiss. We deny Defendant's Request for Sanctions.

## II.  DISCUSSION

### A.  Second Amended Complaint is Stricken

For the following reasons, Plaintiff's Second Amended Complaint is stricken. Pursuant to Federal Rule of Civil Procedure 15 Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Since Plaintiff already filed an Amended Complaint, any subsequent amendment

required leave of court or the written consent of Defendant.  See Id.  Plaintiff has neither received leave of court nor Defendant's written consent to file the Second Amended Complaint.  Thus, Plaintiff's Second Amended Complaint is stricken since he has not complied with Rule 15.  See Bifulco v. Smithkline Beecham, No. 06–3567, 2007 WL 2726146, at *2–3 (E.D. Pa. Sept. 18, 2007) (striking pro se Plaintiff's Second and Third Amended complaints for failure to comply with Federal Rule of Civil Procedure 15).

    B.    **Dismissal of Second Amended Complaint**

        *1.*    *Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.*

Even if Plaintiff's Second Amended Complaint was not stricken, it would be subject to dismissal.  Count I alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  Although Plaintiff's Second Amended Complaint does not set forth cohesive factual allegations regarding the parties' actions pursuant to the FCRA, it appears that he is alleging that Defendant willfully violated the FCRA.  For example, he alleges that Defendant "purposefully with malice intent violat[ed] statutes of law due to issues of cultural or racial sociology from within the companie's [sic] interior."  (Second Am. Compl. at 6.)

"The FCRA was enacted to ensure that 'consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'"[3]  Smith v. HireRight Solutions, Inc., 711 F. Supp. 2d 426, 432 (E.D. Pa. 2010) (citing 15 U.S.C. § 1681(b);

---

[3] "Trans Union [is] one of the three major companies providing credit reports in the United States."  Cortez v. Trans Union, LLC, 617 F.3d 688, 697 (3d Cir. 2010).

Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d Cir. 1996)). "If an agency is negligent in failing to adhere to the requirements of the FCRA, the statute provides for civil liability for actual damages, costs and attorney's fees." Id. (citing 15 U.S.C. § 1681o). Also, the Act imposes liability for punitive and, potentially, statutory damages, if an agency willfully fails to comply with the FCRA. Id. (citing 15 U.S.C. § 1681n); see also Shannon v. Equifax Info. Servs., LLC, 764 F. Supp. 2d 714, 720 (E.D. Pa. 2011) ("Consumers themselves play a role in enforcing the statute: § 1681o provides a private right of action for negligent violations, and § 1681n for willful violations.")

According to Section 1681e(b) of the Act, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Section 1681i(a)(1)(A) then provides:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

"Thus, § 1681e(b) governs the behavior of credit reporting agencies when preparing credit reports generally[, and] Section 1681i(a) governs the behavior of credit reporting agencies when reinvestigating consumer credit history upon receiving notice of disputed information." Shannon, 764 F. Supp. 2d at 720.

"To show willful noncompliance with either provision, the [United States Court of

Appeals for the] Third Circuit has held that a plaintiff can 'show that defendants knowingly and intentionally committed an act in conscious disregard [of the FCRA], but need not show malice or evil motive.'" Id. (quoting Philbin, 101 F.3d at 970). "More recently, the [United States] Supreme Court has clarified that 'reckless disregard' also rises to the level of a 'willful' violation of the FCRA." Id. at 720-21 (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007); Cortez, 617 F.3d at 721).

Although Plaintiff states that Defendant acted purposefully and with malice intent, he fails to show that Defendant is liable based on Section 1681n for willful violations of the FCRA. First, Plaintiff's Second Amended Complaint fails to allege facts showing that Defendant breached the FCRA requirements. Plaintiff generally cites to FCRA provisions in his Second Amended Complaint, but he does not state which ones he is relying on for his cause of action. In fact, he cites to four provisions of the FCRA stating that they are "[a] partial list of how matters of law create this federal question." (Second Am. Compl. at 8.) This, however, does not make for a viable FCRA claim.

In this case, Plaintiff's Second Amended Complaint does not factually set forth what occurred between the parties or Defendant's actions or inactions regarding the procedures prescribed by the FCRA. Instead, Plaintiff merely alleges in a general manner that there is false information on his credit report and then speculates that Defendant's misconduct must be the cause. Thus, even liberally construing Plaintiff's allegations and statements, he fails to meet the statutory requirements as outlined above by the FCRA. Additionally, Plaintiff does not allege any willful noncompliance with the FCRA by showing that Defendant knowingly and intentionally committed an act in conscious disregard, or with reckless disregard, of the FCRA.

As such, Plaintiff has failed to plead sufficient facts to support a claim upon which relief can be granted under the FCRA. Accordingly, Plaintiff's FCRA claim is dismissed.

### 2. Federal Trade Commission Act, 15 U.S.C. § 45

Plaintiff attempts to bring a claim under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices. As previously stated in our prior Memorandum Opinion dismissing Plaintiff's FTC claim, any claim by Plaintiff under the FTC fails because "private parties are not authorized to file enforcement actions, only the FTC has that authority." Taggart v. GMAC Mortg., LLC, No. 12-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) (citing Vino 100, LLC v. Smoke on the Water, LLC, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012)); see also Carpenter v. Kloptoski, No. 08-2233, 2010 WL 891825, at *11 (M.D. Pa. Mar. 10, 2010) ("There is no private right of action under Federal Trade Commission Act."); Martino v. Everhome Mortg., 639 F. Supp. 2d 484, 491 n.16 (D.N.J. 2009) (citing several circuit cases holding that no private right of action exists under Federal Trade Commission Act). Thus, this cause of action is dismissed with prejudice. See Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir.2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile.").

### 3. Federal Criminal Law, 18 U.S.C. § 1343 (Wire Fraud)

Plaintiff brings a claim setting forth that Defendant is in violation of federal criminal law, 18 U.S.C. § 1343 (Wire Fraud). Notably, 18 U.S.C. § 1343 does not provide for a private cause of action. See Patel v. Smith, No. 10-4165, 2011 WL 2746080, at *4 (E.D. Pa. July 12, 2011) ("District courts in this circuit have not recognized an implied private right of action for violations of 18 U.S.C. § 1343 . . . and neither have the other circuits that have confronted the

issue."); Fleishman v. Scilley, No. 03-4639, 2004 WL 2203746, at *1 (E.D. Pa. Sept. 30, 2004) (stating Plaintiff is unable to bring civil actions for wire and mail fraud under 18 U.S.C. §§ 1341 and 1343 since these are criminal statutes and provide no private right of action). Accordingly, this Court will dismiss Plaintiff's wire fraud claim with prejudice. See Cowell, 263 F.3d at 296.

### 4. *Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, et seq.*

Lastly, Plaintiff brings a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, et seq. The basis for original jurisdiction here is Plaintiff's FCRA claim. See 28 U.S.C. § 1331; see also Second Am. Compl. at 3. Plaintiff's federal claim does not survive dismissal; thereby, eliminating original jurisdiction. We would be inclined to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim under the UTPCPL. See id. § 1367(c) (stating that a district court may decline supplemental jurisdiction over the case if it "has dismissed all claims over which it has original jurisdiction"). Thus, this claim is dismissed.

### III. CONCLUSION

The Second Amended Complaint is stricken due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 15(a)(2). Alternatively, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is granted. Plaintiff does not have standing to bring claims under the Federal Trade Commission Act, 15 U.S.C. § 45, or federal criminal law, 18 U.S.C. § 1343 (Wire Fraud). His claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., is dismissed because he does not allege facts showing that it applies and that Defendant is in willful noncompliance. Lastly, due to the dismissal of the FCRA claim, the Court would decline exercising supplemental jurisdiction over the Pennsylvania Unfair Trade Practices and Consumer

Protection Law, 73 Pa. Stat. § 201-1, et seq. Lastly, we deny Defendant's Request for Sanctions against Plaintiff. However, we note that even though Plaintiff is pro se, he is still required to abide by orders issued by the Court and the Federal Rule of Civil Procedure. See Ponisciak v. Astrue, No. 10-4232, 2011 WL 5844194, at *1 (E.D. Pa. Nov. 18, 2011) ("Although he is proceeding pro se, Plaintiff is still required to abide by the Federal and Local Rules of Civil Procedure."); Gilligan v. Cape May Cnty. Corr., No. 05-1177, 2006 WL 3454864, at *2 (D.N.J. Nov. 26, 2006) ("Even though a court will often be more lenient with pro se litigants, such litigants cannot be excused from compliance with the plain text of the federal rules and court orders."); Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 WL 564486, at *2 (E.D. Pa. Sept. 3, 1998) (stating that "a complainant's pro se status does not absolve that individual of compliance with the Federal Rules of Civil Procedure"), *aff'd*, 242 F.3d 370 (3d Cir. 2000).

      An appropriate Order follows.